UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YAFREXI LOMBERT,

                                      Plaintiff,

                 -against-

THE CITY OF NEW YORK, POLICE OFFICER
VICENTE FERNANDEZ, POLICE OFFICERS JOHN
DOES 1-3,

                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 5688 (MGC)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and Police Officer Vicente Fernandez, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein and that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about May 11, 2007 and that no payment has been made.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Vicente Fernandez is a Police Officer with the New York City Police Department, and further admit that plaintiff was arrested on April 26, 2007.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Officer Fernandez was present at 63 Irving Ave., Apt. 1R, Brooklyn, New York on April 26, 2007.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "other" unidentified officers, and admit that Officer Fernandez transported plaintiff to the 83rd Precinct.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was transported to Woodhull Hospital.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was transported to Brooklyn Central Booking.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff's underlying criminal charge(s) were adjourned in contemplation of dismissal on April 28, 2007.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. Defendant Fernandez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

36. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37. The actions of any police officers involved were justified by probable cause.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42. Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** defendants City and Fernandez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
                September 4, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                       City of New York
                                    Attorney for Defendants City and Fernandez
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-0971

                                By:        /s/
                                    Anna Nguyen (AN 6973)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:      <u>By ECF and First Class Mail</u>
         Richard J. Cardinale, Esq.
         Cardinale & Marinelli
         Attorneys for Plaintiff
         26 Court Street, Suite 1815
         Brooklyn, New York 11242

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On September 4, 2007, I served the annexed "**ANSWER**," upon Richard J. Cardinale, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to:

> Richard J. Cardinale, Esq.
> Cardinale & Marinelli
> 26 Court Street, Suite 1815
> Brooklyn, New York 11242

being the address designated by plaintiff for that purpose.


Dated: New York, New York
September 4, 2007

/s/
Anna Nguyen
Assistant Corporation Counsel

Index No. 07 Civ. 5688 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAFREXI LOMBERT,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER VICENTE FERNANDEZ, POLICE OFFICERS JOHN DOES 1-3,

                                                Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York
and Police Officer Fernandez
100 Church Street
New York, N.Y. 10007


*Of Counsel: Anna Nguyen*
*Tel: (212) 788-0971*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..............................................., 200......*

*.......................................................................... Esq.*

*Attorney for..................................................................*